IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RENASANT BANK, INC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-mc-76-DWD |
| | ) |
| **AVE, INC.,** | ) |
| **JOHN ALTAIRE COIL,** | ) |
| **JOHN ASAR COIL, and** | ) |
| **JOHN KENNETH COIL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Cross-Claimants AVE, Inc. and John Altaire Coil's ("Defendants") Motion to Compel (Doc. 2) and Bambi Whitescarver's Motion to Quash (Doc. 4). Both motions are related to a subpoena requesting document production served on Whitescarver for litigation pending in the United States Federal Court for the Southern District of Alabama in Case No. 1:19-cv-00733-CG-MU. Whitescarver is a Non-Party to the litigation pending in Alabama and a resident within the Southern District of Illinois. For the following reasons, the Motion to Compel is DENIED and the Motion to Quash is GRANTED.

### BACKGROUND

On December 10, 2020, Defendants filed a Motion to Compel and provided the subpoena issued for Whitescarver out of the Southern District of Alabama as an exhibit. (Doc. 2). On December 18, 2020, under the Federal Rules of Civil Procedure Rule 45,

Whitescarver filed a Motion to Quash alleging that the subpoena required document production in Alabama, which is more than 100 miles from Whitescarver's residence in Illinois. (Doc. 4). On December 22, 2020, Defendants responded that Whitescarver's Motion to Quash should be denied. (Doc. 6). The next day, on December 23, 2020, Defendants filed a second response to Whitescarver's Motion to Quash (Doc. 7) and a proposed amended subpoena. (Doc. 7-1).

## Discussion

Whitescarver filed a timely Motion to Quash explaining that the subpoena issued required compliance beyond the geographical limits provided under Rule 45(c). (Doc.4). Rule 45(d) provides protection on a timely motion for individuals to quash a subpoena if the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)". Fed. R. Civ. P. 45(d)(3)(A)(ii). For a subpoena to comply with Rule 45(c) it requires the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person". Fed. R. Civ. P. 45(c)(2)(A). Here, the Defendants' subpoena sought to have Whitescarver produce at a location in excess of the 100-mile geographical limit. The Defendants all but concede these things in their second response (Doc. 7) to Whitescarver's Motion to Quash. Accordingly, the Motion to Quash should be granted.

Rule 45 also requires parties utilizing a subpoena to take reasonable measures to avoid imposing undue burden or expense on a person subject to the subpoena. "[T]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—

on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). "[T]he court must determine if there has been a breach of counsel's duty to take reasonable steps to avoid imposing undue burden or expense upon the person subject to the subpoena." *Builders Ass'n of Greater Chicago v. City of Chicago*, No. 96 C 1122, 2002 WL 1008455, at *3 (N.D. Ill. May 3, 2002). When a party neglects their duty while issuing a subpoena under the rule, good faith is not sufficient to avoid sanctions. *Id.*

This Court does not find reasonable measures were taken by Defendants when issuing a subpoena to Whitescarer. Instead of making a simple inquiry through the use of a map, Counsel could have easily determined that the subpoena would not be in compliance with Rule 45, yet he chose to simply transfer onto Whitescarver the undue burden of either complying with the subpoena or hiring an attorney to challenge it. The Defendants fail to provide sufficient evidence to demonstrate to this Court that reasonable steps were taken to avoid the result of an undue burden on Whitescarver. *See Elliot v. Mission Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *6 (N.D. Ill. Apr. 7, 2015). Accordingly, this Court finds that reasonable attorney's fees in the sum of $500.00 for Whitescarver shall be paid to the Maag Law Firm, LLC by Defendants by February 9, 2021. *See, e.g., Am. Soc. of Media Photographers*, 2013 WL 1883204, at *6 (N.D. Ill. May 6, 2013) (awarding fees in a motion to quash a subpoena because the issuing party did not take reasonable steps to avoid an undue burden).

Defendants do not request in their second response that this Court modify the original subpoena pursuant to Rule 45(d)(3)(A)(ii). Instead, the Defendants, in their second response (Doc. 7) request this Court to approve an "Amended Subpoena" (Doc.

7-1) that they claim complies with Rule 45 at least in the sense that it requires Whitescarver to appear in a geographical location within 100 miles of her residence. Further, Defendants request this Court to order Whitescarver to produce the requested information within seven days at the new location provided or through an electronic portal. It does not appear from the filings of record that the "Amended Subpoena" was served on Whitescarver as required under Rule 45. Since the Defendants do not ask the Court to modify the original subpoena, and since the Amended Subpoena appears to possibly alleviate Whitecarver's objections, the appropriate avenue would be for the Amended Subpoena be served in a manner consistent with Rule 45.

## CONCLUSION

For the above stated reasons, the Motion to Compel (Doc. 2) is **DENIED**. The Motion to Quash (Doc. 4) is **GRANTED**. Defendants are ordered to pay attorney fees to the Maag Law Firm, LLC the sum of $500.00 by February 9, 2021.  It is further ordered that the Defendants shall on or before February 15, 2021 cause the "Amended Subpoena" (Doc. 7-1) to be served in a manner consistent with Rule 45 and file with the Clerk of this Court the proof of service required by Rule 45(b)(1)(4).

**SO ORDERED.**

Dated: January 26, 2021

_____
DAVID W. DUGAN
United States District Judge